M. SCOTT *v.* JAS. W. ESTILL.

[Abstract Kentucky Law Reporter, Vol. 7—222.]

**Sales Under Judgment Before Reversal on Appeal.**
   It is held that a sale fully executed by a court of competent jurisdiction will be upheld, although the judgment under which it was made be subsequently reversed as erroneous, and this is true whether the plaintiff in the judgment or a stranger be the purchaser.

APPEAL FROM JESSAMINE CIRCUIT COURT.

September 12, 1885.

OPINION BY JUDGE HOLT:

There is some conflict between the decisions of this court as to the effect of a reversal of a judgment upon sales made under it prior to its being reversed. In this instance the decree was rendered in August, 1881, and never superseded. It was not reversed by this court until October 31, 1882. In the meantime, on September 19, 1881, a landed interest of the appellant was sold under an execution, which issued upon the judgment, and on October 17, 1881, upon which the decree had given a lien, a like interest was sold by the commissioner. The purchaser in each instance was one of the plaintiffs in the decree. The sale by the commissioner had

been confirmed, and a deed made to the purchaser before the reversal by this court. No deed had been made to the interest sold under execution, but the purchaser was entitled to it. It is urged that inasmuch as in the case of a commissioner's sale the court is to be regarded as the vendor that the appeal is a notification that the owner of the land is claiming that the judgment is erroneous, and that therefore the purchaser is a pendente lite and not a bona fide one without notice; and that the reversal destroys his title. In this instance the sales were made before the record was filed in this court and the appeal in fact pending; but waiving this question it had been held by this court in both the earlier and later cases that a sale fully executed by a court of competent jurisdiction must be upheld, although the judgment under which it was made be subsequently reversed as erroneous, and this, too, whether the plaintiff in the judgment or a stranger be the purchaser. *Parker's Heirs v. Anderson,* 5 B. Mon. (Ky.) 445; *Amos v. Stockton,* 5 J. J. Marsh (Ky.) 638; *Clark's Heirs v. Farrow,* 10 B. Mon. (Ky.) 446; *Benningfield v. Reed,* 8 B. Mon. (Ky.) 102; *Gassom v. Donaldson,* 18 B. Mon. (Ky.) 230; *Yocum v. Foreman,* 14 Bush (Ky.) 494.

Whether the plaintiff who thus purchases should be protected in his purchase in the event his judgment is reversed admits of great doubt; but the weight of precedent in this state inclines in his favor, and the question should therefore be left to legislative action.

The rule established by the cases, supra, is based upon public policy, which requires stability of title, and to which individual loss, which will arise in some instances, must give way.

The validity of the sale depends on the jurisdiction of the court.

All have a right to rely upon the judgment. This is the rule both at law and in equity and it is necessary to create confidence as to title and encourage bidding at judicial sales.

Our general legislation has been shaped to this end and we see no reason why this case should be made an exception.

Judgment *affirmed.*

*Geo. R. Pryor, for appellant.*

*H. S. Bronaugh, for appellee.*